Tbe opinion of tbe Court was delivered by
Wardlaw, J.
Tbe instrument which is sued upon, when taken as a whole, may be fairly construed to be an obligation of tbe defendants to indemnify tbe obligee, M’Donald, against all damages which may come to him from tbe bond in which be was surety for Sullivan, or from tbe mortgage which was intended to secure that bond. Under this construction, tbe penalty, (as it has been called,) might be considered to be in tbe nature of damages assessed by agreement, in proportion to tbe amount which M’Donald might be required to pay, and which tbe defendants were bound to refund to him. But whether it should be considered penalty or assessed damages, the plea of non damnijicatus would, under this construction, have been good, and plaintiff could recover nothing until he had paid something. Actual damage sustained, and not loss apprehended, would constitute the ground of his action. (Sedgwick on Dam. 109, 190, 311, and cases cited.)
The plaintiff) however, says, that the obligation of the defendants is to indemnify him against liability, and that, he having become liable, they are bound to pay to him the *182 amount of bis liability. There is no doubt authority for nice distinctions on this subject, between indemnity against liability and indemnity against damages: between discharge from a particular thing and discharge from the effect of the thing: between a promise made to A. to pay a debt to B., and a promise to repay money paid by A., at one’s request. (See note 1, Cutler v. Southern, 1 Saund. 116; Chace v. Hindman, 8 Wend. 452; Holmes v. Rhodes, 1 Bos. & Pul. 638 and notes; Loosemore v. Radford, 9 Mees. & Wels., 657.)
But where it has been maintained that liability alone, without damage, would sustain an action on a bond of indemnity, it has been required that the liability should be absolute and certain. Rockfeller v. Donnelly, 8 Cow. 623. In the case before us, the first covenant contained in the obligation, when taken separately, seems to bind the defendants to indemnify against liability to pay the mortgage. The mortgage was only collateral security for Sullivan’s bond, and M’Donald, surety on that bond, cannot properly be said ever to have been liable to pay the mortgage. If by mortgage should be understood the bond secured by the mortgage, M’Donald’s liability on the bond is just the same now that it was when he received the obligation from the defendants. To procure his quiet non-interference with bond ox mortgage, could have been the only consideration for the defendants to make their obligation to him; but at the date of that obligation, proceedings in Equity, by Burt, treasurer, against Sullivan and M’Donald, to foreclose the mortgage, were pending; Mr. Bauskett, one of the defendants, being the complainant’s solicitor; and under those proceedings at the next Court of Equity, the amount of the debt which the mortgage was intended to secure, was ascertained, and an order made for the sale of the mortgaged premises on a particular day, if the debt should not be paid. The sale took place, and the premises were purchased by Mr. Bauskett for $100, he acting for himself as the plaintiff says, and acting for Burt, Treasurer, as defendants say. All this, *183 however, shows no judgment against M’Donald for the balance of the debt remaining unpaid after tbe sale. (See Gray v. Toomer, 5 Rich. 263.) The liability is still on the bond, not more absolute than it was on the day when the defendants made this obligation. If the plaintiff has now a cause of action, then he had it the very instant he received the obligation, for the nature of his liability has been the same all the time.
It is said, however, that the plaintiff’s security has been diminished by the sale at which his silence was purchased by this obligation. If so, he has a good ground for equitable relief, quia timet, but not for the recovery of a recompense for loss actually suffered. He has paid nothing, perhaps can pay nothing, and never will be able to pay anything. Shall he recover from the defendants, and appropriate to himself money which, if it should be paid, should be paid to Burt, the obligee of the original bond? A court of law has no machinery at command for doing justice all round, by making satisfaction to Burt through means of an obligation payable to M’Donald. But the plaintiff’s attorney says that this suit is for the benefit of Burt, and that to him the money will go. That cannot alter the case. This Court takes notice of equities under assignments made of instruments which are not at law so assignable that the assignee may sue in his own name: but in all such cases the assignee, although protected by the Court against his assignor, is limited to precisely the same remedy and the same extent of recovery, which can be had by that assignor whose name he must use. What M’Donald could recover if suing for himself, and no more, M’Donald may recover when suing for Burt. No interposition of an equitable assignee can enlarge the powers of the Court, or change the rights presented for adjudication between the persons who are the parties before the Court. If then under the construction of their obligation, most unfavorable to the defendants, a breach of it, by an absolute liability fixed upon *184 M’Donald, bad been shown, the Court is not satisfied that, without payment or other actual damage, there could have been a recovery of more than nominal damages; and for this recovery the case would not be sent back.
There is an old case of our own, Ramsay v. Gervais, 2 Bay, 145, by which (if all that is set down by the reporter was held by the Court) this plaintiff’s recovery from these defendants of the whole balance due by him on the bond to Burt, might be justified. But upon examination, it will be found that the point really decided in that case was, that a judgment by default would not be set aside to enable the defendant to make a defence considered inequitable. There the protest of a note, in which the defendant was maker and the plaintiff accommodation endorser, was said to give to the plaintiff a right to recover the full amount of his liability on a bond given by the defendant to the plaintiff, to indemnify the plaintiff against all the consequences and damages which might arise from the endorsement. Both parties, maker and endorser, were sued by the Bank endorsee; and it is said to have been thought highly justifiable for the plaintiff, by all lawful means to get the money from the defendant, and be “beforehand with the officers of the Bank.” Suppose the plaintiff, being beforehand, had enforced payment to himself, and being insolvent, had squandered the money. This would not have relieved the defendant from the necessity of paying again to the Bank, although it would have cut off his hope of being reimbursed by the plaintiff. Or suppose cotempora-neous judgments by the plaintiff and the Bank against the defendant. As the Court will prevent double satisfaction being taken from two defendants adjudged in separate actions to pay the same debt, it might, in analogy, prevent two satisfactions of the same debt, recovered in separate actions by different plaintiffs, being exacted from one defendant; and when payment had been made to the Bank, and of costs to the plaintiff satisfaction, under' this exercise of equitable *185 jurisdiction by tbis Court, might have been entered of tbe plaintiff’s judgment. In tbis view, tbe plaintiff’s judgment would bave been only a precautionary lien on tbe defendant’s property, not really more serviceable to tbe plaintiff than tbe judgment of tbe Bank standing singly, would bave been.
But in a case like tbe one before us, where indemnity is undertaken by a third person who is not liable to tbe original creditor, when a recovery has been bad by tbe indemnified against tbe indemnifier, of tbe whole amount of liability, bow can tbe creditor be interposed ? Or bow by any payment, except that made to tbe plaintiff in tbe recovery, can satisfaction be wrought ? By tbe consent of tbe plaintiff, all might be made to work well, but our decisions cannot proceed upon tbe assumption of a party’s consent to waive tbe rights which we adjudge to him; and tbe actual consent, said to bave been given in tbis case, cannot affect tbe principle of recovery. That principle must be general — such as would be applicable to all cases brought by a plaintiff standing as M’Donald does in tbis case. (See Sims v. Goudelock, 6 Rich. 111.
It appears to tbe Court tbe nonsuit was properly ordered, and tbe motion is dismissed.
Withers, Whither, Glover and Muhro, JJ., concurred.

Motion dismissed.